**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-20953
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEOFILO SANTOS RIVERA,

Defendant-

Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-336-ALL
--------------------------------------------------------
September 7, 2001

Before JOLLY, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:

Teofilo Santos Rivera appeals his sentence following a guilty plea to illegal entry after deportation pursuant to 8 U.S.C. § 1326(b)(2).

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. See United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997).

Rivera first contends that his sentence should be vacated because his state felony conviction for possession of a controlled substance, which resulted in an increased sentence under 8 U.S.C. § 1326(b)(2), was an element of the offense that should have been charged in the indictment.

Rivera acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

*Apprendi* did not overrule <u>Almendarez-Torres</u>. <u>See Apprendi</u>, 120 S. Ct. at 2362; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Rivera's argument is foreclosed.

Rivera also challenges the characterization of his prior Texas conviction for cocaine possession as an "aggravated felony" offense and the concomitant sixteen-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(A), contending that his sentence should be reduced by the rule-of-lenity. Rivera's constitutional claim that the rule-of-lenity is applicable is reviewed <u>de novo</u>. <u>United States v. Romero-Cruz</u>, 201 F.3d 374, 377 (5th Cir.), <u>cert. denied</u>, 120 S. Ct. 2017 (2000).

In <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 692-93, 694 (5th Cir. 1997), we held that a state conviction is an "aggravated felony" pursuant to § 2L1.2(b)(1)(A) if "(1) the offense was punishable under the Controlled Substances Act and (2) it was a felony" under applicable state law. <u>Id.</u> at 694. Rivera has not explicitly disputed that, as a matter of statutory construction, his challenge to the § 2L1.2(b)(1)(A) increase is foreclosed by <u>Hinojosa-Lopez</u>. <u>See</u> <u>United States v. Garcia Abrego</u>, 141 F.3d 142, 151 n.1 (5th Cir. 1998) ("in the absence of any intervening Supreme Court or en banc circuit authority that conflicts" with the panel decision in question, this court is bound by the panel decision). He contends, however, that under the "constitutional rule-of-lenity," his objection to the increase presents an issue of first impression. This contention is erroneous.

The rule-of-lenity fosters the constitutional due-process principle "that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." <u>Dunn v. United States</u>, 442 U.S. 100, 112 (1979). "The rule of lenity ... applies only when, after consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994) (emphasis added). It applies "only if after a review of all applicable sources of legislative intent the statute remains truly ambiguous." <u>United States v. Cooper</u>, 966 F.2d 936, 944 (5th Cir. 1992) (internal quotation marks and citation omitted); <u>see also</u> <u>Albernaz v. United States</u>, 450 U.S. 333, 342 (1981) ("The rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to

wrongdoers." (internal quotation marks and citation omitted)).  The rule-of-lenity is a rule of statutory construction, see Bifulco v. United States, 447 U.S. 381, 387 (1980); United States v. Brito, 136 F.3d 397, 408 (5th Cir. 1998), rather than a separate constitutional framework for raising claims.  We have already expressed our interpretation of the term "aggravated felony" in our decision in Hinojosa-Lopez.  See Hinojosa-Lopez, 130 F.3d at 693-94.

The judgment of the district court is AFFIRMED.