IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20388
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO HERNANDEZ-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-803-1
_____

November 1, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alfredo Hernandez-Garcia appeals his sentence following a guilty plea to

illegal entry after deportation under 8 U.S.C. § 1326(b)(2).

Hernandez also challenges the characterization of his prior Texas conviction

of cocaine possession as an "aggravated felony" offense and the concomitant

16-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(A),

_____
[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contending that the rule of lenity requires that a state conviction for mere possession should qualify as a misdemeanor under federal law and thus not be considered a "felony." In United States v. Hinojosa-Lopez,[1] we held that a state conviction is an "aggravated felony" under § 2L1.2(b)(1)(A) if "(1) the offense was punishable under the Controlled Substances Act, and (2) it was a felony" under applicable state law.[2] Hernandez has not explicitly disputed, as a matter of statutory construction, that his challenge to the § 2L1.2(b)(1)(A) increase is foreclosed by Hinojosa-Lopez.[3] Hernandez's contention that Hinojosa-Lopez did not address a rule-of-lenity argument is unavailing.[4]

The judgment of the district court is AFFIRMED.

---

[1] 130 F.3d 691 (5th Cir. 1997),

[2] Id. at 694.

[3] United States v. Garcia Abrego, 141 F.3d 142, 151 n.1 (5th Cir. 1998) ("in the absence of any intervening Supreme Court or en banc circuit authority that conflicts" with the panel decision in question, this court is bound by the panel decision).

[4] United States v. Santos Rivera, __ F.3d __ (5th Cir. Sept. 7, 2001, No. 00-20953), 2001 WL 1025808 at *1 (rule of lenity is a rule of statutory construction, rather than a separate constitutional framework for raising claims, and would not alter this court's interpretation of term "aggravated felony" in our decision in Hinojosa-Lopez).