IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40391
c/w No. 02-40601
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS REYES-OLVERA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-499-01
--------------------
February 5, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesus Reyes-Olvera ("Reyes") was convicted after a guilty plea to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326, and he was sentenced based on that offense and the revocation of his probation for an earlier illegal reentry offense. He raises three issues on appeal, which we review

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for plain error.  United States v. Ocana, 204 F.3d 585, 588 (5th Cir. 2000).

Reyes argues first that the district court erred by applying U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing.  He argues that his prior felony conviction for possession of cocaine did not merit the eight-level adjustment provided in § 2L1.2(b)(1)(C) for an aggravated felony, and that he should have received only the four-level adjustment provided in § 2L1.2(b)(1)(D) for "any other felony."  Reyes's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" for purposes of the sentencing guidelines were recently rejected by this court in United States v. Caicedo-Cuero, __ F.3d __ (5th Cir. Nov. 14, 2002, No. 02-20751), 2002 WL 31521599 at *6-*11.  Reyes also argues that drug possession is not an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B) and 1326(b)(2), but he concedes that his argument is foreclosed by our precedent in United States v. Rivera, 265 F.3d 310 (5th Cir. 2001), cert. denied, 534 U.S. 1146 (2002), and United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997), and he raises the issue only to preserve it for possible Supreme Court review.  Thus, the district court did not plainly err in assessing an eight-level adjustment.

Reyes next argues that the district court failed to comply with FED. R. CRIM. P. 32(c)(3)(A) and committed reversible, plain error when it did not verify that he and his attorney had read and discussed the presentence report ("PSR").  Reyes contends

also that noncompliance with Rule 32(c)(3)(A) is reversible error per se. He concedes, however, that this argument is foreclosed by our opinion in United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547 (2002), and he admits that he raises it only to preserve the issue for Supreme Court review.

Reyes argues that in light of the district court's erroneous application of an enhancement under § 2L1.2(b)(1)(C), his substantial rights were affected by the district court's failure to ascertain whether he read the PSR with counsel. As previously noted, however, the district court did not err in applying the enhancement. The district court also could reasonably infer from defense counsel's objections to factual matters in the PSR concerning Reyes's familial and employment information that Reyes had read and discussed the PSR with counsel. See Esparza-Gonzalez, 268 F.3d at 274. Further, Reyes does not contend that he did not read and discuss the PSR with counsel. Id.

Finally, Reyes argues that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional because they treat a prior conviction for an aggravated felony as a sentencing factor and not an element of the offense. Reyes concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see

also <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Accordingly, this argument lacks merit.

AFFIRMED.