IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20406
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

GILBERT MORALES-VEGA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-742-ALL
--------------------
February 20, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gilbert Morales-Vega ("Morales") appeals the sentencing following his guilty-plea conviction for illegal reentry into the United States following deportation. Morales argues that the district court erred in assessing an eight-level sentence enhancement because his state drug possession conviction was not an aggravated felony because the maximum punishment was probation. Morales also contends that under the November 1,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2001, Sentencing Guidelines § 2L1.2(b)(1)(C), drug possession is not an aggravated felony.  Morales' arguments are foreclosed by the decision in United States v. Caicedo-Cuero, 312 F.3d 697 (5th Cir. 2002).

Morales also contends that his conviction for simple possession of a controlled substance was not a "drug trafficking crime" and, therefore, not an aggravated felony for the purposes of 8 U.S.C. §§ 1101(a)(43)(B) & 1326(b)(2).  Morales acknowledges that his argument is foreclosed by United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001), cert. denied, 534 U.S. 1146 (2002), and United States v. Hinojoas-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997), but he nevertheless seeks to preserve the issue for possible further review.

Accordingly, Morales' sentence is AFFIRMED.