IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20407
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RUFINO CERDA-ESQUIVEL,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-848-ALL
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rufino Cerda-Esquivel was convicted after a guilty plea to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326, and was sentenced to 24 months' imprisonment. He argues that his prior felony conviction for possession of cocaine did not merit the district court's eight-level adjustment as provided in § 2L1.2(b)(1)(C) for an aggravated felony. Cerda's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes of the sentencing guidelines were recently rejected by this court in <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-707 (5th Cir. 2002).

Cerda also argues that drug possession is not an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B) and 1326(b)(2), but he concedes that his argument is foreclosed by our precedent in <u>United States v. Rivera</u>, 265 F.3d 310 (5th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1146 (2002), and <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691 (5th Cir. 1997), and he raises the issue only to preserve it for possible Supreme Court review.

Based on the foregoing, the district court did not err in assessing an eight-level adjustment.

AFFIRMED.