IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20409
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO AVILA-AGUILAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-822-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sergio Avila-Aguilar appeals his guilty plea conviction

and sentence for being found in the United States after

deportation/removal in violation of 8 U.S.C. § 1326.  He contends

that 8 U.S.C. § 1326(b) is unconstitutional on its face and as

applied in his case.  He acknowledges that his argument is

foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224

(1998), but seeks to preserve the issue for possible Supreme

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Court review in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Apprendi did not overrule Almendarez-Torres. Apprendi, 530 U.S. at 489-90, 496; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Avila-Aguilar also contends that the district court erred by characterizing his prior state felony conviction for possession of cocaine as an "aggravated felony" for purposes of applying U.S.S.G. § 2L1.2(b)(1)(C)(2001) and erred in determining that the conviction was for a "drug trafficking crime" and therefore an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43)(B) and 1326(b)(2). Avila-Aguilar's arguments regarding the definitions of "drug trafficking crime" and "aggravated felony" for purposes of the current sentencing guidelines are foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002). Avila-Aguilar's argument that drug possession is not an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43)(B) and 1326(b)(2) is also foreclosed. See United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001), cert. denied, 534 U.S. 1146 (2002), and United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997); see also Caicedo-Cuero, 312 F.3d at 700-06.

The Government has moved for a summary affirmance.  It asks that an appellee's brief not be required.  The motion is GRANTED. The judgment of the district court is AFFIRMED.

MOTION GRANTED; AFFIRMED.