IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-20306
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN PEDRO MIRELES-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-796-ALL
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Pedro Mireles-Hernandez was convicted after a guilty plea to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326, and sentenced to 37 months' imprisonment. He argues that the district court erred by applying U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing. He argues that his prior felony conviction for possession of marijuana did not merit the eight-level adjustment provided in § 2L1.2(b)(1)(C)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for an aggravated felony, and that he should have received only the four-level adjustment provided in § 2L1.2(b)(1)(D) for "any other felony." Mireles-Hernandez's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" for purposes of the sentencing guidelines were recently rejected by this court in United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002).

Mireles-Hernandez also argues that drug possession is not an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B) and 1326(b)(2), but he concedes that his argument is foreclosed by our precedent in United States v. Rivera, 265 F.3d 310 (5th Cir. 2001), cert. denied, 534 U.S. 1146 (2002), and United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997), and he raises the issue only to preserve it for possible Supreme Court review. Thus, the district court did not err in assessing an eight-level adjustment.

For the first time on appeal, Mireles-Hernandez also argues that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional because they treat a prior conviction for an aggravated felony as a sentencing factor and not an element of the offense. Mireles-Hernandez concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90;

see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Accordingly, this argument lacks merit.

AFFIRMED.