IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-40927
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ISRAEL HERRERA-MUNIZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-38-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Israel Herrera-Muniz ("Herrera") was convicted after a
guilty plea to illegal reentry into the United States after
deportation, in violation of 8 U.S.C. § 1326.  He raises two
issues on appeal, which we review for plain error.  United States
v. Ocana, 204 F.3d 585, 588 (5th Cir. 2000).

    Herrera argues that the district court erred by applying
U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing.  He argues that his

———————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prior felony conviction for possession of marijuana did not merit the eight-level adjustment provided in § 2L1.2(b)(1)(C) for an aggravated felony, and that he should have received only the four-level adjustment provided in § 2L1.2(b)(1)(D) for "any other felony." Herrera's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" for purposes of the sentencing guidelines were recently rejected by this court in United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002). Herrera's argument that drug possession is not an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B) and 1326(b)(2) is foreclosed by our precedent in United States v. Rivera, 265 F.3d 310 (5th Cir. 2001), cert. denied, 534 U.S. 1146 (2002), and United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997). Thus, the district court did not plainly err in assessing an eight-level adjustment.

Herrera also argues that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional because they treat a prior conviction for an aggravated felony as a sentencing factor and not an element of the offense. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this argument lacks merit.

AFFIRMED.