**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 02-20680**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROGELIO RODRIGUEZ-CASTILLO,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-912-1
--------------------
March 12, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rogelio Rodriguez-Castillo ("Rodriguez") appeals his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326, and resulting 27-month sentence. He renews his argument that the district court erred by applying U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing. He argues that his prior felony conviction for possession of cocaine did not merit the eight-level adjustment provided in § 2L1.2(b)(1)(C) for an

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony, and that he should have received only the four-level adjustment provided in § 2L1.2(b)(1)(D) for "any other felony." Rodriguez's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" for purposes of the sentencing guidelines were recently rejected by this court in United States v. Caicedo-Cuero, 312 F.3d 397, 699-706 (5th Cir. 2002. Rodriguez's argument that drug possession is not an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B) and 1326(b)(2) is foreclosed by our precedent in United States v. Rivera, 265 F.3d 310 (5th Cir. 2001), cert. denied, 534 U.S. 1146 (2002), and United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997). Thus, the district court did not err in assessing an eight-level adjustment.

Rodriguez also argues for the first time on appeal that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional because they treat a prior conviction for an aggravated felony as a sentencing factor and not an element of the offense. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this argument lacks merit.

**AFFIRMED.**