United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41108
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR ARMANDO LEAL-RIVERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-154-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cesar Armando Leal-Rivera appeals his guilty-plea conviction

for illegal reentry, in violation of 8 U.S.C. § 1326, and the

resulting 28-month sentence.  He argues that the district court

plainly erred at sentencing in treating his prior conviction for

possession of cocaine as an aggravated felony within the meaning

of U.S.S.G. § 2L1.2(b)(1)(C).  He acknowledges that his argument

is foreclosed by this court's determination in United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Caicedo-Cuero, 312 F.3d 697, 699-706 (5th Cir. 2002), petition for cert. filed, (U.S. Mar. 19, 2003)(No. 02-9747) that a simple drug possession offense is an "aggravated felony" within the meaning of that sentencing guideline.

Leal-Rivera further concedes that his argument that drug possession is not a drug-trafficking crime and, thus, not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) is also foreclosed by our precedent in United States v. Rivera, 265 F.3d 310 (5th Cir. 2001), cert. denied, 534 U.S. 1146 (2002), and United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997). Thus, the district court did not plainly err in assessing an eight-level adjustment of Leal-Rivera's offense level based on his prior felony conviction.

Leal-Rivera also argues for the first time on appeal that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), 8 U.S.C. § 1326(b)(1), (b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a sentencing factor and not as an element of the offense. He acknowledges that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this argument lacks merit.

AFFIRMED.