United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40901
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SILVANO VILLA-NEGRETE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-63-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Silvano Villa-Negrete appeals his guilty-plea conviction and sentence for being found illegally present in the United States after deportation pursuant to 8 U.S.C. § 1326(a) and (b). He argues that the district court plainly erred in characterizing his prior state felony conviction for simple possession of marijuana as an aggravated felony within the context of U.S.S.G. § 2L1.2(b)(1)(C). He acknowledges that his argument is foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2002), cert. denied, 123 S. Ct. 1948 (2003), but wishes to preserve the issue for further review. Caicedo-Cuero determined that simple drug possession qualifies as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). 312 F.3d at 706-11. Thus, the district court did not plainly err in treating Villa-Negrete's prior state conviction for simple possession of marijuana as an aggravated felony.

Villa-Negrete also argues for the first time on appeal that a prior state felony conviction for simple possession is not a drug trafficking crime and not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) or 8 U.S.C. § 1326(b)(2). He concedes that his argument is foreclosed by current Fifth Circuit law, citing United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001), cert. denied, 534 U.S. 1146 (2002), and United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Thus, the district court did not plainly err in applying the eight-level adjustment to his offense level based on his prior state felony drug conviction. Jerome v. United States, 318 U.S. 101 (1943) does not affect the binding precedential value of Rivera and Hinojosa-Lopez.

Villa-Negrete argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. Villa-Negrete concedes that this argument is

foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and he raises it for possible review by the Supreme Court.

This argument is foreclosed by <u>Almendarez-Torres</u>, 523 U.S. at 235. We must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

AFFIRMED.