United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51339
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JARAMILLO-DOMINGUEZ, also known as
Jose Jaimes-Reyes,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-237-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Jaramillo-Dominguez appeals the sentence imposed following his guilty-plea conviction for illegally entering the United States after deportation, a violation of 8 U.S.C. § 1326. Jaramillo raises an issue that he concedes is foreclosed, but he seeks to preserve it for further review.

Jaramillo argues that his prior conviction for possession of a controlled substance should not be considered an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). This argument is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed by our decision in <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 705-711 (5th Cir. 2002), <u>cert. denied</u>, 538 U.S. 1021 (2003). Jaramillo's argument that the rule of lenity is applicable is without merit because the meaning of "aggravated felony" is not ambiguous. <u>See</u> <u>United States v. Rivera</u>, 265 F.3d 310, 312-13 (5th Cir. 2001).

AFFIRMED.