United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40784
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO GARCIA-CARDENAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-22-ALL
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramiro Garcia-Cardenas (Garcia) appeals his guilty-plea
conviction and sentence for being found in the United States
following deportation and removal, without having obtained the
consent of the Attorney General or the Secretary of the
Department of Homeland Security.  Garcia argues that 8 U.S.C.
§§ 1326(b)(1) & (b)(2) are unconstitutional and that Almendarez-
Torres v. United States, 523 U.S. 224, 235 (1998), should be
overruled.  He also contends, in light of United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Booker, 125 S. Ct. 738 (2005), that the district court plainly erred in sentencing him because the court believed that the Federal Sentencing Guidelines were mandatory, rather than advisory.

Because Garcia raises these issues for the first time on appeal, we review only for plain error. See United States v. Mares, __ F.3d __, No. 03-21035, 2005 WL 503715 at *7 (5th Cir. Mar. 4, 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). Although the decision in Almendarez-Torres has been called into question, see Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring), the Supreme Court has not overruled it. Accordingly, Garcia's first argument is foreclosed. See United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001).

Garcia's assertion that prejudice should be presumed from the sentencing court's Booker error is without merit. See Mares, 2005 WL 503715 at *8-*9. Garcia is not challenging the calculation of his criminal history score or the characterization of his prior conviction as an aggravated felony. Although Garcia argues that there is a reasonable probability that he would have received a lower sentence under an advisory guidelines scheme, he concedes that "[i]t is impossible to know for certain what the judge might have done if freed of the constraints of the mandatory Guidelines." Under Mares, this is insufficient to establish that the error affected his substantial rights. Mares,

2005 WL 503715 at *9.  Accordingly, Garcia has not established plain error with respect to his sentence.

AFFIRMED.