United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41122
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES GILBERTO GARZA-LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-79-ALL
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andres Gilberto Garza-Lopez (Garza) appeals his guilty plea conviction and sentence for unlawfully attempting to enter the United States following deportation and removal and after having been convicted of an aggravated felony, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. Garza received a 16-level sentence enhancement due to his prior conviction for attempt to commit murder. See U.S.S.G. § 2L1.2(b)(1)(A)(ii). He was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to 46 months of imprisonment and three years of supervised release.  Garza argues, for the first time on appeal, that Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), should be overruled, and that Blakely v. Washington, 124 S. Ct. 2531 (2004), should be held to apply to the Federal Sentencing Guidelines.

Because Garza raises these issues for the first time on appeal, we review only for plain error.  See United States v. Mares, __ F.3d __, No. 03-21035, 2005 WL 503715 at *7 (5th Cir. Mar. 4, 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).  Although the decision in Almendarez-Torres has been called into question, see Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring), the Supreme Court has not overruled it.  Accordingly, Garza's argument is foreclosed. See United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001).

Garza contends that if Almendarez-Torres is overruled and Blakely is held to apply to the Federal Sentencing Guidelines, he may not be sentenced based on any prior convictions to which he does not admit or that are not found by a jury beyond a reasonable doubt.  Thus, Garza challenges only the fact of his prior convictions.  In United States v. Booker, 125 S. Ct. 738, 764 (2005), the Supreme Court did apply Blakely to the Federal Sentencing Guidelines.  However, because Almendarez-Torres has not been overruled, Garza received zero criminal history points

due to the age of his prior convictions, and Garza is not challenging the characterization of his prior conviction for attempt to commit murder as a violent felony, he has not established error, plain or otherwise, with respect to his conviction and sentence.

AFFIRMED.