United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51114
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR REYES-CARMONA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-829-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Victor Reyes-Carmona appeals his sentence following his guilty plea conviction for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. Relying on the recent Supreme Court decision in United States v. Booker, 125 S.Ct. 738 (2005), Reyes-Carmona first argues that the district court erred by sentencing him under a mandatory guidelines scheme. Because he did not raise any constitutional challenge in the district court to the computation of his sentence, we review for plain error. United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  We agree that the district court erred when it sentenced him pursuant to a mandatory guidelines system.  Id. at 750, 768-69.  Nevertheless, as the record does not suggest that the district court would have imposed a different sentence had it been aware that the sentencing guidelines are advisory, Reyes-Carmona has not met his burden of establishing plain error.  See United States v. Valenzuela-Quevedo, __ F.3d __, No. 03-41754, 2005 WL 941353, at **3-4 (5th Cir. April 25, 2005).

Reyes-Carmona also argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment.  In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  Reyes-Carmona acknowledges that his argument is foreclosed, but he seeks to preserve this argument for further review in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90.  This court must follow the precedent set in Almendarez-Torres unless the Supreme Court overrules it. See United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.