United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41073
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINO ROMAN MARTINEZ, also known as Jose Vidas,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-257-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lino Roman Martinez (Martinez) appeals from his guilty-plea conviction for being an alien unlawfully found in the United States after deportation and after an aggravated felony conviction, in violation of 8 U.S.C. § 1326. Martinez argues that the sentencing provisions of 8 U.S.C. § 1326(b) are unconstitutional and that the district court erred under United States v. Booker, 125 S. Ct. 738 (2005), when it sentenced him under mandatory Guidelines.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Martinez concedes, his argument that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional because they do not require the fact of a prior conviction to be treated as an offense element and proved beyond a reasonable doubt was rejected in Almendarez-Torres v. United States, 523 U.S. 224, 234-35, 239-47 (1998).  This court must follow the precedent set in Almendarez-Torres unless the Supreme Court overrules it.  See United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001).  Accordingly, Martinez's argument is foreclosed.

As Martinez argues, the district court erred by imposing a sentence pursuant to a mandatory application of the Guidelines.  Booker, 125 S. Ct. at 767-68; United States v. Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir. 2005).  However, in Martinez-Lugo, 411 F.3d at 601, this court rejected the argument urged by Martinez, that the error is structural and presumptively prejudicial.  Instead, Martinez-Lugo held that this error is subject to the plain error analysis set forth in United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  Martinez-Lugo, 411 F.3d at 601.  Thus, because Martinez raises this issue for the first time on appeal, his argument is reviewable only for plain error.

Because Martinez was sentenced under a mandatory Guidelines regime, he has met the first two prongs of the plain error test because Fanfan error is "error" that is "plain."  See Martinez-Lugo, 411 F.3d at 600.  Martinez has failed to point to

statements by the sentencing judge that demonstrate a likelihood that the judge, sentencing under an advisory rather than a mandatory scheme, would have reached a significantly different result. See United States v. De Jesus-Batres, 410 F.3d 154, 165 (5th Cir. 2005). Martinez's arguments are speculative and are based on arguments that he did not present to the district court. He has failed to establish "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005) (citation omitted). He has therefore failed to show that the error affected his substantial rights and has thus failed to establish plain error. See Martinez-Lugo, 411 F.3d at 600-01.

Accordingly, the district court's judgment is AFFIRMED.