United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41564
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MORALES-OLVERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-512-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Morales-Olvera (Morales) appeals his guilty-plea conviction and sentence for being found unlawfully present in the United States following deportation and removal, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security and after having been convicted of an aggravated felony. Morales argues that 8 U.S.C. §§ 1326(b)(1) & (b)(2) are unconstitutional and that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overruled. He also contends, in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), that the district court erred in sentencing him because the court believed that the federal sentencing guidelines were mandatory, rather than advisory.

Because Morales did not raise the relevant objections in the district court, we review only for plain error. See <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517). Although the decision in <u>Almendarez-Torres</u> has been called into question, <u>see</u> <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring), the Supreme Court has not overruled it. Accordingly, this argument is foreclosed. See <u>United States v. Rivera</u>, 265 F.3d 310, 312 (5th Cir. 2001).

With respect to the district court's mandatory application of the sentencing guidelines, Morales concedes that he cannot demonstrate that the district court would have imposed a different sentence had it considered the guidelines to be advisory. Accordingly, he has not established plain error with respect to his sentence. See <u>Mares</u>, 402 F.3d at 522.

AFFIRMED.