**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20690
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE SALOMAN ARREOLA-AMAYA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-299-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Jose Saloman Arreola-Amaya (Arreola) appeals the sentence

imposed following his guilty-plea conviction of illegal reentry

of a previously deported alien subsequent to an aggravated felony

conviction.  Arreola argues, citing United States v. Booker,

125 S. Ct. 738 (2005), that the district court erred in

sentencing him because the court believed that the federal

sentencing guidelines were mandatory, rather than advisory.

He also contends that the "felony" and "aggravated felony"

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional and that Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), should be overruled.

We review for plain error. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). With respect to the district court's mandatory application of the sentencing guidelines, Arreola concedes that he cannot demonstrate that the district court would have imposed a different sentence had it considered the guidelines to be advisory. Accordingly, he has not established plain error in his sentence. See Mares, 402 F.3d at 522.

Although the decision in Almendarez-Torres has been called into question, see Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring), the Supreme Court has not overruled it. Accordingly, Arreola's argument that Almendarez-Torres should be overruled and that 8 U.S.C. § 1326(b) be declared unconstitutional is foreclosed. See United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001).

AFFIRMED.