United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41516
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO FIGUEROA-CASTRO, true name
Gerardo Alfonso Castro-Godinez, also known as
Gerardo Godinez-Castro, also known as
Alfonso Castro-Godines

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1016-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges

PER CURIAM:[*]

Gerardo Figueroa-Castro appeals his sentence under 8 U.S.C. §
1326 for illegal re-entry into the United States after having been
deported. First, Figueroa asserts that the district court erred in
concluding that his prior state felony conviction for simple
possession of cocaine was an "aggravated felony" for purposes of 8
U.S.C. § 1326(b). Our precedent holds that a state felony
conviction for simple drug possession is properly considered an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony for purposes of § 1326(b).  See United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 30 F.3d 691, 693-94 (5th Cir. 1997).  Accordingly, this issue is foreclosed.

Second, Figueroa asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. The Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), controls this issue.  We must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted). This issue is also foreclosed.

The district court's judgment is AFFIRMED.