**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos OVIEDO–MEDINA,**
**Defendant–Appellant.**

**No. 05–40193.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas.

Marjorie A. Meyers, Federal Public Defender, Philip G., Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Juan Carlos Oviedo–Medina appeals his sentence under 8 U.S.C. § 1326 for illegal reentry into the United States after having been deported. Oviedo–Medina asserts that the district court erred in concluding that his prior state felony conviction for simple possession of cocaine was an "aggravated felony" for purposes of § 1326(b). Oviedo–Medina's argument is foreclosed by circuit precedent. *See United States v. Rivera,* 265 F.3d 310, 312–13 (5th Cir. 2001); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997).

Oviedo–Medina also argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional. This challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Oviedo–Medina contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276

(5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Oviedo–Medina properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.