United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40193
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN CARLOS OVIEDO-MEDINA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1615-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Juan Carlos Oviedo-Medina appeals his sentence under
8 U.S.C. § 1326 for illegal reentry into the United States after
having been deported.  Oviedo-Medina asserts that the district
court erred in concluding that his prior state felony conviction
for simple possession of cocaine was an "aggravated felony" for
purposes of § 1326(b).  Oviedo-Medina's argument is foreclosed by
circuit precedent.  See United States v. Rivera, 265 F.3d 310,

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

312-13 (5th Cir. 2001); <u>United States v. Hinojosa-Lopez</u>, 30 F.3d 691, 693-94 (5th Cir. 1997).

Oviedo-Medina also argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional.  This challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Oviedo-Medina contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Oviedo-Medina properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.