**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ruben RODRIGUEZ–CUEVAS,**
**Defendant–Appellant.**

No. 05–40889.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Pub-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lic Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Ruben Rodriguez–Cuevas (Rodriguez) appeals his guilty plea to a charge of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Rodriguez argues that the district court misapplied the Sentencing Guidelines by erroneously characterizing his state felony conviction for possession of methamphetamine as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1). Rodriguez's argument is unavailing in light of circuit precedent. *See United States v. Caicedo–Cuero,* 312 F.3d 697, 706–11 (5th Cir.2002); *United States v. Rivera,* 265 F.3d 310, 312–13 (5th Cir.2001); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Rodriguez argues that this circuit's precedent is inconsistent with *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez, Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999).

Rodriguez also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme

Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rodriguez concedes that his argument is foreclosed by *Almendarez–Torres* and circuit precedent, but he raises it here solely to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.