United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40889
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN RODRIGUEZ-CUEVAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-98-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ruben Rodriguez-Cuevas (Rodriguez) appeals his guilty plea to a charge of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Rodriguez argues that the district court misapplied the Sentencing Guidelines by erroneously characterizing his state felony conviction for possession of methamphetamine as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1). Rodriguez's argument is unavailing in light of circuit precedent. See United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002); United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Rodriguez argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943). Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Rodriguez also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rodriguez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rodriguez concedes that his argument is foreclosed by Almendarez-Torres and circuit precedent, but he raises it here solely to preserve it for further review.

AFFIRMED.