United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41400
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERARDO ROSENBAUM-ALANIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-374-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Everardo Rosenbaum-Alanis (Rosenbaum) pleaded guilty and was

convicted of illegal reentry after deportation. He was sentenced

to 18 months of imprisonment and three years of supervised

release.

Rosenbaum contends that the district court erred by

characterizing his state felony conviction for possession of a

controlled substance as an "aggravated felony" for purposes of

U.S.S.G. § 2L1.2. Relief on this issue is precluded. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Rosenbaum argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943). Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Rosenbaum also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Rosenbaum's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rosenbaum contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rosenbaum properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.