United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40674
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ELISEO ARMENDARIZ-CHAVEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-11-ALL
--------------------

Before  BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Juan Eliseo Armendariz-Chavez appeals the sentence by the
district court following his guilty plea conviction for being a
previously excluded alien unlawfully present in the United
States.  For the first time on appeal, he argues that the
district court plainly erred when it increased his offense level
based on his state-court conviction for possession of a
controlled substance.  Our review is for plain error.  See United
States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A state felony conviction for simple possession of a controlled substance is an aggravated felony for U.S.S.G. § 2L1.2 purposes, even if the conviction is a misdemeanor under federal law.  See United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).  The Supreme Court's decision in Jerome v. United States, 318 U.S. 101 (1943), does not change this result.

Armendariz-Chavez also contends that the district court committed reversible plain error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005).  Although the district court committed plain error when it sentenced Armendariz-Chavez pursuant to a mandatory guidelines system, Armendariz-Chavez has not shown that the court's error affected his substantial rights.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).  Further, this court has rejected Armendariz-Chavez's argument that a Booker error or the application of the then mandatory guidelines is a structural error or is presumptively prejudicial.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005)(same), petition for cert. filed (July 11, 2005) (No. 05-5297).  The judgment of the district court is AFFIRMED.