**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Emerito ZELAYA–VASQUEZ,**
**Defendant–Appellant.**

No. 04–40389.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Jose I. Gonzalez–Falla, Assistant Federal Public Defender, Samy K. Khalil, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Emerito Zelaya–Vasquez (Zelaya) appeals his guilty-plea conviction and sentence for being found present in the United States following deportation and removal, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. Zelaya argues, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. He concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but raises it for possible review by the Supreme Court.

"*Apprendi* did not overrule *Almendarez–Torres*." *United States v. Rivera*, 265 F.3d 310, 312 (5th Cir.2001); *see Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348. We must follow the precedent set in *Almendarez–Torres* unless the Supreme Court itself determines to overrule it. *See Rivera*, 265 F.3d at 312.

Zelaya also argues that his sentence violates *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because it is based on facts not admitted or found by a jury. As he concedes, this argument is foreclosed by *United States v. Pineiro*, 377 F.3d 464, 465–66 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.