**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Emerito ZELAYA–VASQUEZ,**
**Defendant–Appellant.**

No. 04–40389.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Sept. 30, 2005.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Jose I. Gonzalez–Falla, Assistant Federal Public Defender, Samy K. Khalil, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

We previously affirmed Emerito Zelaya–Vasquez's (Zelaya) sentence. *United States v. Zelaya–Vasquez*, 115 Fed.Appx. 711 (5th Cir. Dec.2004). The Supreme Court has vacated and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Zelaya argues that the district court erred by sentencing him under a mandatory guidelines scheme. He contends that the district court's error is not subject to plain error review because it is structural. He also asserts, based on the nature of the error, that prejudice should be presumed. Zelaya concedes that his structural error and presumed prejudice arguments are foreclosed and raises them simply to preserve further review. *See United States v. Malveaux*, 411 F.3d 558, 561 n. 9 (5th

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297).

Because Zelaya did not challenge the mandatory application of the sentencing guidelines before the district court, plain error review applies. *See United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). This court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *United States v. Calverley,* 37 F.3d 160, 162–64 (5th Cir.1994) (en banc) (citing *United States v. Olano,* 507 U.S. 725, 731–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano,* 507 U.S. at 735–36, 113 S.Ct. 1770.

To establish plain error under *Mares,* Zelaya must demonstrate that the district court would have reached a significantly different result had he been sentenced under advisory guidelines. *See Mares,* 402 F.3d at 521. As Zelaya concedes, he cannot make this showing.

*Booker* does not affect our prior holding on appeal that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has not been overruled. Accordingly, the judgment of the district court is AFFIRMED.