United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40678
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-953-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Garcia appeals his guilty-plea conviction and sentence for being found present in the United States following deportation and removal after having been convicted of an aggravated felony, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. Garcia argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense, not sentence enhancements, making those provisions unconstitutional.  He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but raises it for possible review by the Supreme Court.

"Apprendi did not overrule Almendarez-Torres."  United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001); see Apprendi, 530 U.S. at 489-90.  We must follow the precedent set in Almendarez-Torres unless the Supreme Court itself determines to overrule it.  See Rivera, 265 F.3d at 312.

Garcia also argues that if Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the United States Sentencing Guidelines his sentence could not be enhanced based on any prior convictions unless he admitted to them or they were found by a jury beyond a reasonable doubt.  As he concedes, this argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.