**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Jose Antonio GARCIA, Defendant–
Appellant.**

No. 04–40678.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Sept. 30, 2005.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Rudy Xavier Rodriguez, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and
DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME
COURT OF THE UNITED
STATES*

PER CURIAM: *

This court affirmed the conviction and sentence of Jose Antonio Garcia. *United States v. Garcia,* 115 Fed.Appx. 735 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing *Booker's* impact.

Garcia argues that the district court erred by sentencing him under a mandatory guidelines scheme. He contends that the district court's error is not subject to plain error review because it is structural. He also asserts, based on the nature of the error, that prejudice should be presumed. Garcia concedes that his structural error and presumed prejudice arguments are foreclosed and raises them simply to preserve further review. *See United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.2005), *cert. denied* — U.S. ——, 126 S.Ct. 194, 163 L.Ed.2d 209 (2005).

Because Garcia did not preserve this issue before the district court, plain error review applies. *See United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir. 2005), *cert. denied* — U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). To establish plain error under *Mares,* Garcia must demonstrate that the district court would have reached a significantly different result had he been sentenced under advisory guidelines. *See Mares,* 402 F.3d at 521. As Garcia concedes, he cannot make this showing.

*Booker* does not affect our prior holding on appeal that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has not been overruled. Accordingly, that portion of our prior decision is reinstated, and the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.