United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41531
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EDGAR GUADALUPE GONZALEZ-SILVA

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-841-ALL
---------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Edgar Guadalupe Gonzalez-Silva (Gonzalez) appeals his conviction and sentence for illegal reentry after a previous deportation. Gonzalez argues that the district reversibly erred under United States v. Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

There was no "Booker" error or Sixth Amendment violation because the only enhancement to Gonzalez's sentence was for his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior conviction.  See Booker, 125 S. Ct. at 756, 769.

Nevertheless, the district court committed "Fanfan" error by

sentencing Gonzalez pursuant to a mandatory guidelines scheme.[**]

See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir.

2005).

The Government concedes that Gonzalez preserved his Fanfan

claim.  As such, this court reviews the claim for harmless error.

See Walters, 418 F.3d at 464.  There is no indication in the

record that the district court would have imposed the same

sentence had the guidelines been advisory rather than mandatory.

Accordingly, we vacate the sentence and remand for resentencing

in accordance with Booker.

As Gonzalez acknowledges, his challenge to the district

court's eight-level sentence enhancement pursuant to U.S.S.G.

§ 2L1.2(b)(1)(C) is foreclosed by circuit precedent.  See United

States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997);

see also United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir.

2001).  Jerome v. United States, 318 U.S. 101 (1943), does not

affect the binding precedential value of Rivera and

Hinojosa-Lopez because it is not an intervening Supreme Court

case that explicitly or implicitly overruled Hinojosa-Lopez.  See

Martin v. Medtronic, Inc., 254 F.3d 573, 576-77 (5th Cir. 2001).

---

[**] Gonzalez's argument that the error was structural has
been rejected by this court.  United States v. Martinez-Lugo, 411
F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005).

Gonzalez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Gonzalez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Gonzalez's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.