**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis TORRES–MARTINEZ,
Defendant–Appellant.**

No. 05–40313.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Luis Torres–Martinez (Torres) pleaded guilty to count 1 of an indictment charging him with being found illegally in the United States after deportation. Torres was sentenced to a 30–month term of imprisonment and to a three-year period of supervised release. Torres has appealed his sentence.

Torres's guideline offense level was increased by eight levels because he was convicted in state court prior to deportation of felony possession of a controlled substance. Torres contends that his prior conviction involved simple possession only and should not have been regarded as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) (2004). He contends that the enhancement was improper because his state felony conviction for simple possession of cocaine would have been a misdemeanor under federal law, not an "aggravated felony." These arguments are foreclosed. *See United States v. Rivera,* 265 F.3d 310, 312–13 (5th Cir.2001); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997).

Torres contends that the district court abused its discretion in imposing as a condition of supervised release the requirement that Torres cooperate in the collection of a DNA sample. Because this issue is not ripe for review, this court does not have jurisdiction and this portion of the appeal must be dismissed. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed,* (Jan. 9, 2006) (No. 05–8662).

Torres challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be proved beyond a reasonable doubt in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Torres contends that *Almendarez–Torres* has been "impliedly overruled" by subsequent Supreme Court decisions, including *Apprendi,* "[t]his court has repeatedly rejected arguments like the one made by [Torres] and has held that *Almendarez–Torres* remains binding despite *Apprendi.*" *United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Torres concedes that the issue is foreclosed. He has raised the issue to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.