United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40313
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS TORRES-MARTINEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-811-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Torres-Martinez (Torres) pleaded guilty to count 1 of an indictment charging him with being found illegally in the United States after deportation. Torres was sentenced to a 30-month term of imprisonment and to a three-year period of supervised release. Torres has appealed his sentence.

Torres's guideline offense level was increased by eight levels because he was convicted in state court prior to deportation of felony possession of a controlled substance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torres contends that his prior conviction involved simple possession only and should not have been regarded as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) (2004).  He contends that the enhancement was improper because his state felony conviction for simple possession of cocaine would have been a misdemeanor under federal law, not an "aggravated felony."  These arguments are foreclosed.  See United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Torres contends that the district court abused its discretion in imposing as a condition of supervised release the requirement that Torres cooperate in the collection of a DNA sample.  Because this issue is not ripe for review, this court does not have jurisdiction and this portion of the appeal must be dismissed.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed, (Jan. 9, 2006) (No. 05-8662).

Torres challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be proved beyond a reasonable doubt in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Torres contends that Almendarez-Torres has been "impliedly overruled" by subsequent Supreme Court decisions,

including Apprendi, "[t]his court has repeatedly rejected arguments like the one made by [Torres] and has held that Almendarez-Torres remains binding despite Apprendi." United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Torres concedes that the issue is foreclosed. He has raised the issue to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.