United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40364
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME SEQUEDA MORTERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-822-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jaime Sequeda Mortera pleaded guilty to being illegally
present in the United States after deportation following an
aggravated felony conviction. He was sentenced to a 21-month
term of imprisonment and to a three-year period of supervised
release. Sequeda Mortera appeals his conviction and his
sentence.

Sequeda Mortera's guideline offense level was increased by
eight levels because he was convicted in state court of felony

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of a controlled substance prior to his deportation. He contends that his prior conviction involved simple possession and should not have been regarded as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) (2004). This argument is foreclosed. See United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Sequeda Mortera contends that the district court abused its discretion in imposing as a condition of supervised release the requirement that he cooperate in the collection of a DNA sample. Because this issue is not ripe for review, this court does not have jurisdiction and this portion of the appeal must be dismissed. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed, (Jan. 9, 2006) (No. 05-8662).

Sequeda Mortera challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be proved beyond a reasonable doubt in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Sequeda Mortera contends that Almendarez-Torres has been "impliedly overruled" by subsequent Supreme Court decisions, including Apprendi, "[t]his court has repeatedly rejected arguments like the one made by [Sequeda

Mortera] and has held that <u>Almendarez-Torres</u> remains binding despite <u>Apprendi</u>."  <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Sequeda Mortera concedes that the issue is foreclosed.  He has raised the issue to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.