United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40946
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GAUDENCIO VILLA-GUTIERREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1081-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

    Gaudencio Villa-Gutierrez pleaded guilty to being found in
the United States after deportation and was sentenced to
30 months of imprisonment and two years of supervised release.

    Villa-Gutierrez argues that the district court erred in
treating his prior state conviction for attempted possession of
narcotic drugs as an aggravated felony.  He concedes that his
argument is foreclosed by current Fifth Circuit law, citing
United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001) and
United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir.

--------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997). Thus, the district court did not err in applying the eight-level adjustment to his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(C) based on his prior state felony drug conviction. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). Jerome v. United States, 318 U.S. 101 (1943) does not affect the binding precedential value of Rivera and Hinojosa-Lopez.

Villa-Gutierrez argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. Specifically, he argues that the viability of Almendarez-Torres v. United States, 523 U.S. 224 (1998), is in doubt in light of later Supreme Court cases.

Villa-Gutierrez's constitutional challenge is foreclosed by Almendarez-Torres. Although Villa-Gutierrez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Villa-Gutierrez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.