United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 05-40946

Conference Calendar

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GAUDENCIO VILLA-GUTIERREZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 7:04-CR-1081-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DENNIS and PRADO, Circuit Judges.

PER CURIAM:*

This court affirmed the conviction and sentence of Gaudencio Villa-Gutierrez. *See United States v. Villa-Gutierrez*, No. 05-40946 (5th Cir. Feb. 23, 2006). The Supreme Court vacated and remanded for further consideration in light of *Lopez v. Gonzalez*, 127 S. Ct. 625 (2006). We

———————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested and received supplemental briefs addressing the impact of *Lopez*.

In *Lopez*, the Supreme Court held that unless a state possession offense is punishable as a felony under the Controlled Substances Act ("CSA"), it is not an "aggravated felony" for sentencing purposes under 8 U.S.C. § 1101(a)(43). *See Lopez*, 127 S. Ct. at 631. Villa-Gutierrez argues, and the Government concedes, that under *Lopez*, his prior conviction is not an "aggravated felony" for sentencing enhancement purposes under U.S.S.G. § 2LI.2(b)(1)(c) because it was for an offense not punishable as a felony under the CSA.[1] We agree. Accordingly, we affirm Villa-Gutierrez's conviction, vacate his sentence, and remand the case for resentencing in light of *Lopez*.

AFFIRMED IN PART, VACATED IN PART, REMANDED FOR RESENTENCING.

---

[1] Villa-Gutierrez concedes that *Lopez* does not affect our prior decision to affirm his conviction.