United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40267
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO MORENO-MORA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1244-ALL
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pablo Moreno-Mora (Moreno) appeals his conviction and sentence for unlawful reentry in violation of 8 U.S.C. § 1326. Moreno first argues that the district court erred by imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2 for a prior Maryland conviction for a crime of violence.

The record contains no indication of which section of the Maryland statute was applied to Moreno. Accordingly, we cannot determine whether the enhancement was proper. The Government's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contention that the offense is established by the Presentence Report's characterization of the offense as second-degree felony assault is without merit.  See United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Accordingly, we vacate the sentence and remand for resentencing in accordance with the procedure set forth in United States v. Bonilla-Mungia, 422 F.3d 316, 321-22 (5th Cir. 2005).  We do not reach Moreno's alternative argument that the sentence was unreasonable under 18 U.S.C. § 3553(a).

With respect to Moreno's contention that the district court erred in ordering, as a condition of supervised release, that he cooperate with the probation officer in the collection of DNA, his claim is not ripe for judicial review in light of our holding in United States v. Carmichael, 343 F.3d 756, 758 (5th Cir. 2003), cert. denied, 540 U.S. 1136 (2004).  We reject Moreno's contention that Carmichael is distinguishable.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed, (Jan. 9, 2006) (No. 05-8662).  Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Moreno's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Moreno contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the

basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>Garza-Lopez</u>, 410 F.3d at 276.  Moreno properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; SENTENCE VACATED AND REMANDED FOR RESENTENCING.