United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40020
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARGARITO PECENO-MONTANEZ, also known as
Margarito Piceno-Montanez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1414-ALL
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Margarito Peceno-Montanez (Peceno) appeals the sentence imposed following his guilty-plea conviction of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Peceno to 20 months of imprisonment, based in part on a prior aggravated felony conviction.

Peceno contends that his sentence is illegal under United States v. Booker, 125 S. Ct. 738 (2005), because it was imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to a mandatory application of the federal sentencing guidelines. Peceno thus alleges a "Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). In the district court, Peceno objected to his sentence under Blakely v. Washington, 542 U.S. 296 (2004), and the Government concedes that the issue is preserved and that it is subject to review for harmless error.

The Government has not carried its burden of showing beyond a reasonable doubt that the district court's error did not affect Peceno's sentence. See Walters, 418 F.3d at 464; United States v. Pineiro, 410 F.3d 282, 285-86 (5th Cir. 2005). We therefore vacate the sentence and remand for resentencing in accordance with Booker. See Walters, 418 F.3d at 464; Pineiro, 410 F.3d at 285-86.

Peceno also argues that the district court erred when it characterized his 2003 Texas felony conviction of simple possession of a controlled substance as an aggravated felony and enhanced his offense level by eight levels under U.S.S.G. § 2L1.2(b)(1)(C). In United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997), this court held that a state conviction is an "aggravated felony" pursuant to U.S.S.G. § 2L1.2(b) if the offense was punishable under the Controlled Substances Act and a felony under applicable state law. Hinojosa-Lopez, 130 F.3d at 693. Peceno concedes that his conviction of simple possession of rock cocaine was a felony under Texas law. Also, the Controlled Substances Act criminalizes possession of a controlled substance. 21 U.S.C.

2

§ 844(a). Peceno's prior conviction therefore is an aggravated felony that warrants the U.S.S.G. § 2L1.2(b)(1)(C) eight-level offense level increase. Hinojosa-Lopez, 130 F.3d at 694; see also United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001).

Peceno recognizes this court's prior decisions, but he argues that this circuit's precedent is inconsistent with the Supreme Court's analysis set forth in Jerome v. United States, 318 U.S. 101 (1943). Jerome did not involve interpretation of the Guidelines. Also, Jerome, a 1943 decision, is not "an intervening Supreme Court case" that explicitly or implicitly overruled Hinojosa-Lopez. Thus, this court is bound by Hinojosa-Lopez, see Martin v. Medtronic, Inc., 254 F.3d 573, 577 (5th Cir. 2001), and Jerome does not affect the binding precedential value of Rivera and Hinojosa-Lopez.

Peceno also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Peceno's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Peceno contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Peceno properly concedes that his argument is

3

foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the conviction is AFFIRMED.  Peceno's sentence is VACATED, and the case is REMANDED for resentencing.