UNITED STATES of America, Plaintiff–Appellee,

v.

Ricardo RIVAS–MEDINA, Defendant–Appellant.

No. 05–40556.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Ricardo Rivas–Medina (Rivas) pleaded guilty to illegal reentry after deportation and was sentenced to 37 months of imprisonment and a three-year term of supervised release.

Rivas contends for the first time on appeal that the district court erred when it characterized his 2001 Texas felony convic-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion of simple possession of a controlled substance as an aggravated felony and enhanced his offense level by eight levels under U.S.S.G. § 2L1.2(b)(1)(C). In *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997), this court held that a state conviction is an "aggravated felony" pursuant to U.S.S.G. § 2L1.2(b) if the offense was punishable under the Controlled Substances Act (CSA) and a felony under applicable state law. *Hinojosa–Lopez*, 130 F.3d at 693. Rivas concedes that his simple-possession conviction was a felony under Texas law. Also, the CSA criminalizes possession of a controlled substance. 21 U.S.C. § 844(a). Rivas's prior conviction therefore is an aggravated felony that warrants the U.S.S.G. § 2L1.2(b)(1)(C) eight-level offense level increase. *See Hinojosa–Lopez*, 130 F.3d at 694; *see also United States v. Rivera*, 265 F.3d 310, 312–13 (5th Cir.2001).

Rivas recognizes this court's prior decisions, but he argues that this circuit's precedent is inconsistent with the Supreme Court's analysis set forth in *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). *Jerome* did not involve interpretation of the Guidelines. Also, *Jerome*, a 1943 decision, is not "an intervening Supreme Court case" that explicitly or implicitly overruled *Hinojosa–Lopez*. Thus, this court is bound by *Hinojosa–Lopez*, *see Martin v. Medtronic, Inc.*, 254 F.3d 573, 577 (5th Cir.2001), and *Jerome* does not affect the binding precedential value of *Rivera* and *Hinojosa–Lopez*.

Rivas also argues for the first time on appeal that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. Rivas's claim is not ripe for review on direct appeal. *See United States v. Riascos–Cuenu*, 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). The claim is dismissed.

Additionally, Rivas's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rivas contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rivas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.