United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40556
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO RIVAS-MEDINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2098-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:*

Ricardo Rivas-Medina (Rivas) pleaded guilty to illegal reentry after deportation and was sentenced to 37 months of imprisonment and a three-year term of supervised release.

Rivas contends for the first time on appeal that the district court erred when it characterized his 2001 Texas felony conviction of simple possession of a controlled substance as an aggravated felony and enhanced his offense level by eight levels under U.S.S.G. § 2L1.2(b)(1)(C). In United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997), this court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held that a state conviction is an "aggravated felony" pursuant to U.S.S.G. § 2L1.2(b) if the offense was punishable under the Controlled Substances Act (CSA) and a felony under applicable state law. Hinojosa-Lopez, 130 F.3d at 693. Rivas concedes that his simple-possession conviction was a felony under Texas law. Also, the CSA criminalizes possession of a controlled substance. 21 U.S.C. § 844(a). Rivas's prior conviction therefore is an aggravated felony that warrants the U.S.S.G. § 2L1.2(b)(1)(C) eight-level offense level increase. See Hinojosa-Lopez, 130 F.3d at 694; see also United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001).

Rivas recognizes this court's prior decisions, but he argues that this circuit's precedent is inconsistent with the Supreme Court's analysis set forth in Jerome v. United States, 318 U.S. 101 (1943). Jerome did not involve interpretation of the Guidelines. Also, Jerome, a 1943 decision, is not "an intervening Supreme Court case" that explicitly or implicitly overruled Hinojosa-Lopez. Thus, this court is bound by Hinojosa-Lopez, see Martin v. Medtronic, Inc., 254 F.3d 573, 577 (5th Cir. 2001), and Jerome does not affect the binding precedential value of Rivera and Hinojosa-Lopez.

Rivas also argues for the first time on appeal that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. Rivas's claim is not ripe for review on direct appeal. See

United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). The claim is dismissed.

Additionally, Rivas's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rivas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rivas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.